# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES V. THOMAS, JR.,

    Plaintiff,

v.

SPRING VALLEY HEALTH CARE, LLC, et al.,

    Defendants.

Case No. 2:25-cv-01263-JAD-NJK

**ORDER**

[Docket No. 2]

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

**I.**  ***In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 2. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 2-1) on the docket.

**II.**  **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

1

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint asserts claims arising out of his employment. *See* Docket No. 2-1 at 3-4. The Court has subject matter jurisdiction because Plaintiff has exhausted his administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission and receiving a right to sue letter. *See* Docket No. 2-2; *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies").

First, to sufficiently allege a prima facie case of retaliation in violation of Title VII to survive a § 1915 screening, a plaintiff must allege: (1) that he or she committed a protected act; (2) that the employee suffered an adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See, e.g., Bem v. Clark Cnty. Sch. Dist.*, 2015 WL 300373, at *3 (D. Nev. Jan. 21, 2015). Here, Plaintiff alleges (1) that he objected to perceived misconduct by a coworker and submitted formal complaints regarding the coworker's behavior and the resulting unsafe work conditions; (2) that he suffered retaliation in the form of a premature,

forced constructive discharge; and (3) these adverse actions occurred in close temporal proximity to Plaintiff's protected activity. *See* Docket No. 2-1 at 3. "As to the first element, internal complaints constitute protected activity when a reasonable person would believe the conduct the complaint reports violates Title VII." *Equal Emp. Opportunity Comm'n v. Tesla, Inc.*, 727 F. Supp. 3d 875, 893–94 (N.D. Cal. 2024) (citing *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963-64 (9th Cir. 2009)). As to the second element, "[c]onstructive discharge can be an adverse employment action for purposes of establishing a Title VII retaliation claim." *Pappas v. J.S.B. Holdings, Inc.*, 392 F. Supp. 2d 1095, 1106 (D. Ariz. 2005) (citing *Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004)). As to the third element, Plaintiff submits that the adverse employment action occurred in close temporal proximity to Plaintiff's protected activity and thus constitutes retaliation. *See* Docket No. 2-1 at 3; see also Davis v. Team Elec. Co., 520 F.3d 1080, 1094 (9th Cir. 2008) (quoting *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002)) ("causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity"). Such allegations suffice to state a colorable claim for retaliation at the screening phase.[1]

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**. Plaintiff is not required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[1] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss the complaint. A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim. *See, e.g.*, *Bem*, 2015 WL 300373, at *3 n.1. The Court express no opinion as to the sufficiency of the complaint as to any claim other than the retaliation claim addressed above.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 2-1) on the docket.

3. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: November 21, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

4